The first is the United States versus personal. Let me just make sure counsel is here. I'm told everybody's here, but you never know if people dropped off. For the appellant, Mr. Zissou. Good morning, Your Honor. Yes, I'm here. And no technical issues, and we're good to go. It's a pleasure to appear before this court again, even though it's virtually. I'd like to reserve a minute if I may. OK, that's fine. You've got five, you'll reserve a minute. And then for the government? Mark Beeney for the United States. Good morning, Your Honor. OK, Mr. Beeney, good morning to you. So you can see and hear everybody all right? Yes, Your Honor. I can see all the judges and Mr. Zissou. OK, so Mr. Zissou, you've got then four minutes out of the gate with one minute on the clock. Your Honors, look, I look at this case, and if I were sitting in your seats, I would look at an indictment that was brought in 2013 and a sentence that did not commence until 2020. And I would be concerned that somehow the defendant was, or the appellant was, responsible for that delay. That's simply not the case here. Indictment was filed in 2013. The government moved the case to trial. In September of 2015, jury reached a verdict the following November. A couple of months into the new year, Mr. the appellant filed a letter outlining significant failures on the part of his trial counsel. The court decided to replace him. And through no fault of the appellant, the successor counsel ran into a problem of his own having nothing to do with the appellant. There was a sealed proceeding. Present counsel was not present for. And the court decided that the successor counsel, after two years, should be relieved. Again, that had nothing to do with Mr. Kirshner. It was an issue that, frankly, had to do with another case in another district. I took over the case. There's a lengthy record here. We filed a supplemental motion the following year. Government replied. The government took their position. It was not until the following year that the judge made his decision in the case. I suspect part of the delay in issuing that opinion was because he was waiting for this court to make a decision in the related case. So the point I'm trying to make is, although it appears to be there was some delay occasioned by the defendant, by the appellant, that's not the case here. He surrendered already. He's been in jail for about a month. He was sentenced to 30 months. Good time, 85%. So that figures out to about 24 months. Here's what my concern here is, Your Honors. The lower court simply did not properly review the allegations. And I say that respectfully. But ordinarily, as this court knows, it is required that trial counsel, the lawyer that supposedly is involved in the malfeasance, submits an affirmation explaining the circumstances. That was never done here. Now, the merits panel in this case, if the merits panel is concerned about that and decides that an abundance of caution is appropriate to remand on that issue, by the time that happens, Mr. Kirshner will have served the remainder of his sentence. And any relief that could be brought will be neutralized. He's 80 years old. The fact that the felony conviction is not dispositive, if you will. But Mr. Kirshner will end up serving the entire sentence before this court as an opportunity to fully review whether or not there was ineffectiveness of counsel in this case. So for that reason alone, the court should grant bail pending appeal while the merits panel has an opportunity to consider whether or not the court should have required trial counsel to explain his actions. Frankly, once we took over, we interviewed numerous witnesses. We outlined their testimony in detail in our memorandum. And there are several of them explained. Here's what I would have said. No one ever contacted me. No one ever reached out to me. There's just no excuse for this. The court should have held a full hearing of required trial counsel to submit an explanation for why he failed to do what he should have done during the trial of this case. I'll reserve the rest of my time unless the court has any questions. Thank you. We'll now hear from Mr. Beeney on behalf of the government. May it please the court. Mark Beeney for the United States. The government requests that this court affirm the district court's ruling denying bond on appeal. While the government concedes that the defendant is not a flight risk, the defendant has not shown a substantial question. Kirshner's argument is that his trial counsel was ineffective. However, to prevail on that, he would have to show prejudice by establishing that there's a reasonable probability that but for counsel's unprofessional errors, the result would have been different. And the government submits that he cannot. As Judge Vitiliano explained in rejecting Kirshner's motion for a new trial, Kirshner faced a mountain of incriminating evidence and failed to carry his burden of showing a reasonable probability of a different outcome. Among others, or among other evidence, the government proved that Kirshner was a key conspirator in a multimillion dollar pump and dump scheme. Specifically, he handled the role of being what was called a corporate guy in the scheme, issuing shares for the fraudulent companies, keeping the companies tradable and drafting false press releases that helped pump up the sales price of the stocks. In that role, Kirshner and two other co-conspirators who became cooperating witnesses discussed the creation of the false press releases. And in fact, the discussion of these false press releases was captured on recorded calls that were played for the jury, where the defendant in his own voice spoke about the fraud scheme. In addition, Kirshner handled the bank accounts and appointed the nominee corporate officers who were used as part of the scheme. And the cooperating witnesses also testified regarding Kirshner's role. In light of all of this, in addition, I should say, to all of the above evidence of Kirshner's guilt, the government called in putting into effect testimony and evidence related to several of the areas that Kirshner now claims his trial counsel should have in fact put forward. Those witnesses actually testified. One of them was David Long, who Kirshner says his trial counsel was ineffective for not using to assist him. However, David Long was immunized and called by the government and testified in short that he had been, he was a good friend of Mr. Kirshner and that he'd been a figurehead for the two companies that Kirshner set up and controlled, Talisman Holdings and Nikron. Long testified in short that Kirshner sent him press releases for the companies, which Long would send along to a publicist. Long admitted he had no knowledge of the veracity of those press releases. One of the press releases the government put in that had been sent out and where David Long was a figurehead president for that company, claimed a $100 million contract for one of the companies. And Kirshner had sent him that press release and the government showed that there was no evidence of any such contract or any such revenue. So that was one classic example of the fraud and something that despite Kirshner's protestations, that evidence, the evidence from David Long does not in fact help him, it hurt him. Another witness who Mr. Kirshner claims his trial counsel should have called was an engineer named Robert Baker, who was deposed by his trial counsel and the government before the trial. And the government played his deposition testimony during its case. Because again, that evidence, although Mr. Kirshner seems to think it would help him, did not help him. In fact, Mr. Baker talked about an invention related to the company Nikron, which he said was so dangerous that they couldn't bring it to market because the patents that he was testing would blow up and might kill people. So in sum, the government's evidence was overwhelming and the additional testimony that Mr. Kirshner now would seek to admit, in fact was admitted by his trial counsel at least in part and did not help him. And your honors, because the defendant has not raised a substantial question on this appeal, he should be denied bond pending his appeal. Unless there are any questions for me, I'll finish here, thank you so much. I guess I just wanna be clear. I mean, I think you started out saying we should affirm the district court's denial of bail pending appeal, but this is a motion for bail pending appeal. So we're either denying or granting, not affirming, right? I apologize, your honor. I would ask that you deny his motion for a bail pending appeal for many of the same reasons set forth by Judge Vitiliano and for the reasons that I've argued to you this morning. Okay, all right, thank you. What kind of briefing schedule is this case on? Join the meeting. May I ask what kind of briefing schedule this is on? Your honor, I believe defense counsel has not yet perfected his appeal. He hasn't filed his appeal. Okay, thank you. Thank you, your honor. All right, Mrs. Issu, you have a minute. Judge Ranji, and to answer your question, we just received all of the transcripts last week, and we thought it prudent to wait until we have this argument to issue a request for a scheduling order in the event that this court was inclined to grant the defendant's application for bail pending appeal, then it would seem to me the court would also issue an expedited scheduling order, and we're prepared for that. So it hasn't been done, but it will be done as soon as this court makes its decision, which I anticipate won't be very long. But I think the problem I have with the government's argument is this is not the time to assess whether or not there's overwhelming evidence of guilt. The question here is whether or not if there is a concern on the merits panel, if the merits panel concludes that Judge Battagliano should have heard from trial counsel, his sentence will be over by the time that happens, and that certainly should not be the case. But as I think of the government's argument, it was even if we were to assume that such a hearing should have been conducted, and even if the outcome might be favorable to your client, it would not secure him relief on appeal because of their contention that the evidence was so overwhelming. Don't you at least have to address that in terms of why we would grant him bail? Well, no. Well, A, I don't think this court should be in a position to assess that. That's the rabbit hole the government wants to go down to, and I don't mean that disrespectfully. Here, this court is not in a position to assess whether the government is correct that there was overwhelming evidence of guilt. And even if that were to be the case, even if the merits panel decided we're gonna send it back for that assessment, and then the court either granted or denied the defendant's request for ineffective assistive counsel, then we'd be back before this court, and again, the sentence would be long over. Were this to have been a lengthier sentence, he was sentenced to 10 years or something like that, then we might have a different conversation, but this sentence is going to be burned up before long, Your Honor. All right, thank you both. We will reserve decision. With that, thank you.